# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA CASTANEDA,<br><br>  Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>  Defendant. | Case No. CV 18-07587-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On August 30, 2018, Carolina Castaneda ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on May 7, 2019. (Dkt. 26.) Plaintiff filed her Memorandum in support of the Complaint on May 20, 2019 (Dkt. 28) and on June 24, 2019, Defendant filed its Memorandum in support of its Answer. (Dkt. 29.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

# BACKGROUND

Plaintiff is a 43 year-old female who applied for Supplemental Security Income on November 26, 2014, alleging disability beginning December 1, 2012. (AR 13.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since November 26, 2014, the application date. (AR 16.)

Plaintiff's claim was denied initially on April 13, 2015, and on reconsideration on August 3, 2015. (AR 13.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Edward T. Bauer on November 28, 2016, in Pasadena, California. (AR 13.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 13.) Vocational expert ("VE") Corinne Porter also appeared at the hearing telephonically and testified. (AR 13.)

The ALJ issued an unfavorable decision on September 13, 2017. (AR 13-25.) The Appeals Council denied review on June 1, 2018. (AR 3-5.)

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

"However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

3

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since November 26, 2014, the application date. (AR 16.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: left below the knee amputation fitted with prosthesis, chondromalacia of the left knee, degenerative disc disease of the cervical spine, and depression. (AR 16.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 16-19.)

The ALJ then found that Plaintiff had the RFC capacity to do the following:

> Claimant can lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk a combined two hours in an eight-hour workday, and sit for six hours in an eight-hour workday. She can frequently reach with her bilateral upper extremities in all directions, and frequently handle, finger, and feel. She can

frequently push and pull with her bilateral upper extremities. She can occasionally push and pull with her right lower extremity, but never push and pull with her left lower extremity. Claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. Claimant can occasionally balance, stoop, kneel, and crouch, but never crawl. Claimant can have occasional exposure to hazards, such as heights and dangerous machinery, humidity, wetness, pulmonary irritants, and vibrations, with no exposure to extreme heat and cold. Claimant can tolerate moderate (office) noise. In addition, Claimant is limited to understanding and carrying out one and two-step tasks.

(AR 19-23.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 20.)

At step four, the ALJ found that Plaintiff is not able to perform any of her past relevant work as an employment representative. (AR 23.) The ALJ, however, also found at step five that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of order clerk, telephone quotation clerk, and addresser. (AR 24-25.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 25.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ's RFC for the relevant period is supported by substantial evidence. The ALJ properly considered the medical evidence supporting the ALJ's RFC. The ALJ properly discounted Plaintiff's subjective symptom allegations. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**I.  THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff contends that she is disabled, but the ALJ's RFC for a reduced range of light work limited to carrying out simple one and two step tasks is supported by substantial evidence.

## A. The ALJ Properly Considered The Medical Evidence

The ALJ's RFC is supported by the medical evidence.

### 1. Relevant Federal law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner

may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

2. Analysis

Plaintiff Catalina Castaneda had a below left knee amputation due to an auto accident in 2006. (AR 20, 39.) She wears a prosthesis. (AR 20.) Plaintiff alleges problems lifting, walking, sitting, squatting, bending, kneeling, standing, reaching, and climbing stairs. (AR 19.) She also alleges problems concentrating, using her memory, completing tasks, understanding, following instructions, and getting along with others. (AR 19.)

The ALJ did find that Plaintiff has the medically determinable severe impairments of left below the knee amputation fitted with prosthesis, chondromalacia of the left knee, degenerative disc disease of the cervical spine, and depression. (AR 16.) Notwithstanding these impairments, the ALJ assessed Plaintiff with a reduced range of light work RFC limited to understanding and carrying out one and two step tasks. (AR 19.) With this RFC, the ALJ found that Plaintiff can perform work in the national economy (AR 24) and thus was not disabled. (AR 25.)

The ALJ's physical RFC is supported by substantial evidence. Plaintiff underwent a consulting examination in January 2017 with Dr. Richard Pollis, who is a Board certified orthopedic surgeon. (AR 20, 646-648.) He reported that Plaintiff had difficulty rising from a chair, an abnormal gait and left side limp, as well as tenderness in her neck with some

limitation in range of motion. (AR 20.) Plaintiff, however, had no tenderness and full range of motion in her spine and normal range of motion in her upper and lower extremities, with a well healed below the knee amputation stump. (AR 20.) She had 5/5 motor strength and intact sensation throughout and normal reflexes. (AR 20.) Dr. Pollis assessed a reduced range of light work RFC limited to two hours standing and walking in an eight hour workday. (AR 20.) The ALJ gave Dr. Pollis' opinion great weight, noting that Plaintiff's RFC falls between light and sedentary work as she is capable of lifting 20 pounds occasionally but not able to engage in six hours of walking and standing normally required for light work. (AR 20.)

The ALJ also relied on the March 2015 opinion of consulting examiner Dr. Sean To, who opined Plaintiff can perform light work. (AR 21, 419-28.) The ALJ found that Dr. To overstated Plaintiff's ability to stand and walk, but Dr. To did find that Plaintiff had no cervical or thoracolumnar spine tenderness or reduction in range of motion in her upper and lower extremities, 5/5 motor strength, and mildly tender left knee. (AR 21.) She ambulated with a slight limp but with no need for an assistive device other than her prosthesis. (AR 21.) State agency reviewing physicians Dr. Berry and Dr. Sohn also assessed Plaintiff with a light work RFC. (AR 21, 76-78, 91-92.)

The objective medical evidence also supports the ALJ's RFC. Treatment notes showed an intact neurological system and normal distal strength and sensation. (AR 20.) A March 2016 left knee X-ray revealed a below the knee amputation without evidence of cortical erosions or irregularity and preserved joint spaces. (AR 20.) In July 2016, Plaintiff had a normal gait. (AR 20.) In May 2017, she had a compensated gait. (AR 20.) The ALJ cited to numerous records indicating Plaintiff could ambulate effectively with a normal gait and even with a compensated gait. (AR 17, 20, 424, 502, 671.)

The only contrary evidence is the opinion of Dr. Marco Zaledo, who opined that Plaintiff could perform less than sedentary work and would miss work more than three days a month. (AR 21, 440-442.) The ALJ gave this check box opinion little weight because Dr. Zaledo gave no explanation for his assessment and provided no supporting diagnostic or objective evidence. (AR 21.) See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly

rejected check box opinion that did not have any explanation or basis). His opinion, moreover, is undermined by the record as a whole, particularly the opinion of Dr. Pollis. (AR 21.) An ALJ may reject a treating physician's opinion if it is conclusory and brief, does not have supportive evidence, and is unsupported by the record as a whole. Batson v. Comm'r, 359 F.3d 1190, 1195 and n.3 (9th Cir. 2004); Bayliss, 427 F.3d a 1216. Also, the contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ rejected the opinion of Dr. Zaledo for specific, legitimate reasons supported by substantial evidence.

The ALJ's mental RFC also is supported by substantial evidence. In March 2015, psychiatrist Dr. Monika Chaudry opined Plaintiff had no limitations in understanding and carrying out simple one or two step instructions but moderate impairment in carrying out complex instructions. Dr. Chaudry found Plaintiff was cooperative with normal, intact memory. (AR 22.) Treatment records indicate Plaintiff had normal memory, normal insight and judgment, and appropriate mood and affect. (AR 22.) Two State agency reviewers, Dr. Covey and Dr. Balson, opined Plaintiff could perform simple, repetitive, and detailed tasks, but not complex tasks. (AR 21, 78-80, 88-89.) Plaintiff routinely had normal mental status exams. (AR 22, 495, 502, 671, 679.) The ALJ included in the RFC Dr. Chaudry's limitation to understanding and carrying out simple one or two step instructions. (AR 22.)

The ALJ properly considered the medical evidence in formulating Plaintiff's RFC.

**B.      The ALJ Properly Discounted Plaintiff's Subjective Symptom Allegations**

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations. The Court disagrees.

1.      Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the

severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

      2.     Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 20.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (AR 20.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that the objective medical evidence was inconsistent with Plaintiff's alleged disabling symptoms. (AR 22.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptom allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). As noted above, the opinions of Dr. Pollis, Dr. To, Dr. Berry, Dr. Sohn, Dr. Chaudry, Dr. Covey, and Dr. Balson and the medical treatment records all support the ALJ's reduced range of light work RFC.

Second, Plaintiff has received no treatment or conservative treatment for her pain and other impairments. (AR 22.) An ALJ may consider conservative treatment in evaluating a claimant's subjective symptom allegations. Tommasetti, 533 F.3d at 1039. Minimal and conservative treatment is powerful evidence that a claimant is not as impaired as claimed. Parra, 481 F.3d at 750-751. Although Plaintiff complained of pain, she was treated conservatively with medication. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled with medication are not disabling). The ALJ found no evidence of Plaintiff undergoing physical therapy, pain relief injections, surgical intervention, or ongoing adjustment of her prosthesis. (AR 22.) She appeared at the hearing in a wheelchair, but there is no record of a wheelchair being prescribed. (AR 22.) Indeed, Dr. To and Dr. Pollis specifically found that Plaintiff did not need an assistive device to ambulate. (AR 21, 424, 652, 656.) Also, Plaintiff has no history of admission to a psychiatric unit and has not received psychotherapy, treatment, or other interventions in a mental health history. (AR 22.) There is no history of receiving outpatient services, counseling, therapy, or other mental health services from a psychiatrist, counselor, or mental health professional. (AR 22.)

Third, the ALJ found that Plaintiff's daily activities were inconsistent with disabling limitations, which is a legitimate consideration in evaluating a claimant's subjective symptom allegations. Bunnell, 947 F.2d at 345-46. Plaintiff's daily activities include preparing simple meals, sweeping, washing dishes, walking, riding a bicycle, using public transportation, and shopping in stores. (AR 22-23.)

The ALJ properly discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

**C.     Other Issues Regarding Plaintiff's RFC**

Plaintiff raises other issues regarding the ALJ's reduced range of light work RFC for Plaintiff. None provide any basis for rejecting or modifying the ALJ's RFC.

First, Plaintiff mentions a number of doctors' visits and records from 2018 and 2019. (Dkt. 28:1-6.) The ALJ decision, however, is dated September 13, 2017. (AR 25.) For new evidence to be considered after an ALJ decision, it must be new, material, and relate "to the

period on or before the date of the hearing decision." 20 C.F.R. § 416.1470(a)(5). The appropriate remedy here in regard to post-decision medical evidence is to file a new application. 20 C.F.R. § 416.1470(c).

Second, records regarding general relief cannot establish disability under Social Security 20 C.F.R. § 416.904.

Third, Plaintiff does not indicate that any doctor assessed her with limitations greater than those found by the ALJ.

\* \* \*

The ALJ's RFC is supported by substantial evidence.

The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: December 18, 2019  /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE